IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NATALIE GLOBETTI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:17-cv-00050-WS-B |
| § | |
| FOLEY HOSPITAL CORPORATION, § | JURY DEMAND |
| d/b/a SOUTH BALDWIN REGIONAL § | |
| MEDICAL CENTER; FOLEY CLINIC § | |
| CORPORATION; and CHSPSC, LLC, § | |
| § | |
| Defendants. § | |

**AMENDED COMPLAINT**

**I.   INTRODUCTION**

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights and violations of the Americans with Disabilities Act, Title 42 U.S.C. § 12101 *et seq.*, (hereinafter "ADA"). The plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

**II.   JURISDICTION AND VENUE**

2. Plaintiff believes that this Court has jurisdiction in accordance with 28 U.S.C. § 1331, 29 U.S.C. §2617, 28 U.S.C. § 2201 and 2202, 29 U.S.C. § 794a, and 42 U.S.C. § 12133.

3. The unlawful employment practices alleged herein below were committed by the defendant within Baldwin County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391and 42 U.S.C. § 2000e-5(g).

4. Plaintiff has fulfilled all conditions precedent to the institution of this action including those statutory requirements under the ADA. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission against Foley Clinic Corporation and CHSPSC within 180 days of occurrence of the last discriminatory act. Plaintiff also timely filed her Complaint against Defendants within ninety (90) days of the receipt of a Notice of Right To Sue issued by the Equal Employment Opportunity Commission.

5. Plaintiff timely served the Complaint upon Defendants CHSPSC and Foley Clinic Corporation and upon receipt of initial discovery by Defendant Foley Clinic has hereby amended same to clarify and correctly name the Defendants as set out below.

### III.   PARTIES

6. Plaintiff, Natalie Globetti (hereinafter "Plaintiff" or "Globetti"), is a female citizen of the United States and a resident of the State of Alabama.

7. Plaintiff is a qualified individual under the Americans with Disabilities Act in that she has physical/mental impairments which substantially limit one or more of her major life activities; and/or is perceived as having a disability which substantially limits her major life activities; and/or has a history/record of having such disabilities. 42 U.S.C. § 12102, 42 U.S.C. § 12131, 29 U.S.C. § 706.

8. Defendant, Foley Hospital Corporation, d/b/a South Baldwin Regional Medical Center, (hereinafter "Foley Hospital" or "Defendant"), is a corporation doing business in Baldwin County, Alabama, where at all times relevant to this action the defendant has employed at least fifteen (15) or more employees.

9. Defendant Foley Clinic Corporation (hereinafter "Foley Clinic" or "Defendant"), is

a corporation doing business in Baldwin County, Alabama, where at all times relevant to this action the defendant has employed at least fifteen (15) or more employees.

10. Defendant, CHSPSC, LLC, (hereinafter "CHSPSC" or "Defendant"), is a corporation doing business in Baldwin County, Alabama, where at all times relevant to this action the defendant has employed at least fifteen (15) or more employees.

11. The defendants are employers pursuant to 42 U.S.C. § 12111(5) and within the meaning of 42 U.S.C. § 2000e(a) and (b).

12. Each defendant was the employer, single employer, and/or joint employer of the plaintiff, and/or acted in an employment agency relationship with the other defendants in relation to Plaintiff's employment.

**IV.   FACTUAL ALLEGATIONS**

13. In June of 2015, Plaintiff applied for employment with Defendants' South Baldwin Medical Center at one of their medical clinics located in Foley, Alabama – known as the Foley Clinic Corporation.

14. After a lengthy and in-depth interview process, Plaintiff was hired for the position of nurse practitioner. At that time, Plaintiff entered into a written Nurse Practitioner Employment Agreement with the Defendants executed by Keith Newton, CEO of Defendants' South Baldwin Medical Center location.

15. The Nurse Practitioner Employment Agreement was not legally binding until it was "reviewed and signed or otherwise electronically approved by a Division President of CHSPSC, LLC, the Employer's Management Company, and the Employer's Corporate Counsel."

16. The Nurse Practitioner Employment Agreement was not deemed effective until,

"THE DATE THAT IT IS SIGNED OR OTHERWISE ELECTRONICALLY APPROVED BY A DIVISION PRESIDENT OF CHSPSC, LLC, HOSPITAL'S MANAGEMENT COMPANY, AND ONLY AFTER IT IS SIGNED BY ALL OTHER SIGNATORIES."

17. On or about September 2, 2015, Plaintiff began training without pay at the Defendants' Foley Clinic location shadowing Dr. Awadehesh Kumar Gupta. Plaintiff shadowed Dr. Gupta for three days.

18. On or about September 21, 2015, Plaintiff started her employment as a paid employee and continued training with Dr. Gupta. From September 21-28, 2015, Plaintiff continued her training at various clinics operated by the Defendants.

19. On September 28, 2015, while training at the Defendants' Robertsdale Clinic, Plaintiff suffered a seizure and was hospitalized at South Baldwin Regional Medical Center. While in the hospital, she was visited by the South Baldwin Regional Medical Center Director of Physician Practice Operations, Lisa Stowe, and was told that she should not worry about anything because "God has a plan."

20. On September 29, 2015, while still in the hospital, Plaintiff was again visited by Ms. Stowe and again assured that she should not worry about anything.

21. On that same day Plaintiff's new employment orientation process continued as she was also asked to sign a document by the Foley Clinic Practice Manager in order to allow Plaintiff full access to the clinic's computer network.

22. Plaintiff was discharged as a patient from the hospital on the evening of September 29, 2015.

23. On October 2, 2015, Plaintiff was contacted by Stowe and given the number to

file for FMLA leave, even though Stowe indicated that she did not think Plaintiff would be covered due to her short employment tenure. Plaintiff called HR and requested the FMLA paperwork which was then e-mailed to her.

24. On October 5, 2015, Plaintiff was again contacted by Stowe and asked about a return to work release from Plaintiff's doctor. Plaintiff then contacted her doctor and had his office fax the release to Human Resources at South Baldwin Regional Medical Center.

25. On October 5, 2015, Plaintiff also reported to and attended a mandatory employment orientation class at South Baldwin Regional Medical Center. After she finished the orientation class that day, Plaintiff was told to return to work at the Defendant's Robertsdale Clinic.

26. On October 6, 2015, Plaintiff worked at the Defendants' Robertsdale Clinic without incident.

27. On October 7, 2015, Plaintiff reported to work at the Robertsdale Clinic as directed and while there she saw and spoke to Stowe. At approximately 10:49 a.m., Stowe texted Plaintiff her new password for the company's computer system.

28. Then, only two hours later, at approximately 12:45 p.m., Stowe arrived back at the clinic and told Plaintiff that she was being terminated.

29. While employed with the Defendants, the Plaintiff suffered from a disability and/or perceived disability and/or history of a disability. Specifically, Plaintiff suffered from seizures which required hospitalization.

30. Plaintiff was qualified for her position and despite her disability, Plaintiff was able to perform the duties of her job with or without a reasonable accommodations, and she did so.

31. Plaintiff was subjected to unlawful discrimination by the Defendants based on her

5

disability and/or perceived disability and/or history of disability including, but not limited to, being terminated.

32. The Defendants acted intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights.

33. As the result of the Defendants' conduct the Plaintiff was deprived of income and other employment benefits due her. She also suffered embarrassment, humiliation, inconvenience, and mental distress.

34. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back pay, an injunction, and compensatory and punitive damages is her only means of securing adequate relief.

35. Plaintiff is suffering and will continue to suffer irreparable injury from the defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**V.     CAUSES OF ACTION**

### COUNT I –DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 above with the same force and effect as if fully set out in specific detail herein below.

37. Plaintiff is a qualified individual under the ADA because of her known disability and/or perceived disability and/or history of a being a person with a disability.

38. The Plaintiff is a person with a disability, has a history of disability and/or is perceived as disabled pursuant to 42 U.S.C. § 12102, and 29 U.S.C. § 706.

39. Plaintiff was qualified for her job and despite the Plaintiff's disability, with or

without reasonable accommodations, Plaintiff was able to perform the essential functions of her job.

40. Plaintiff was subjected to unlawful discrimination by the Defendant based on her disability and/or perceived disability and/or history of a disability including, but not limited to, being subjected to termination.

41. At the time of this unlawful activity Defendants had knowledge that Plaintiff suffered from an actual or perceived disability and/or had a history of a disability.

42. Defendants, by their discriminatory treatment of Plaintiff, have intentionally, willfully, with deliberate indifference and without justification deprived Plaintiff of her federally protected rights, as described herein. This deprivation violates Plaintiff's rights under the Americans with Disabilities Act.

43. Defendants intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights discriminated against Plaintiff based upon her disability and/or perceived disability and/or history of a disability in the terms, conditions, benefits of her employment including, but not limited to, subjecting her to termination.

44. Plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, lost benefits, an injunction and a declaratory judgment. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures,

conditions and customs of the Defendants are violate Plaintiff's rights as secured by the Americans with Disabilities Act;

2. Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys and those acting in concert with Defendants and at Defendants' request from continuing to violate the Americans with Disabilities Act;

3. Grant Plaintiff an order requiring Defendants to make her whole by awarding her reinstatement into the position she would have occupied in the absence of the unlawful discrimination by Defendants with the same seniority, leave and other benefits of the position (or front pay in lieu thereof), back pay (with interest), and by awarding her compensatory, punitive, and/or nominal damages, attorney's fees, costs, and expenses;

4. Grant Plaintiff reinstatement and a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys and those acting in concert with Defendants, and at Defendants' request, from continuing to violate Plaintiff's rights as well as those of others who are similarly-situated pursuant to the Americans with Disabilities Act;

5. Grant Plaintiff a declaratory judgment against Defendants that her termination violated the ADA;

6. Grant Plaintiff compensatory, punitive and/or nominal damages, and interest;

7. Grant Plaintiff her attorney's fees and costs; and

8. Grant Plaintiff such other relief as justice requires.

            Respectfully submitted,

            s/ Temple D. Trueblood
            Temple D. Trueblood (TRUET0355)
            Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500

            s/ Richard W. Fuquay
            Richard W. Fuquay    (FUQUR6214)
            DIAMOND FUQUAY LLC
            Counsel for Plaintiff
            Post Office Drawer 40600
            Mobile, Alabama 36640-0600
            Telephone:  (251) 473-4443
            Facsimile: (251) 473-4486
            E-mail:  rwf@diamondfuquay.com

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

            s/ Temple D. Trueblood
            OF COUNSEL

**Plaintiff requests this Honorable Court to serve CHSPSC, LLC and Foley Hospital Corporation via certified mail:**

**Defendant's Address:**
c/o Registered Agent
National Registered Agents Inc.
150 S. Perry Street
Montgomery, AL 36104

**CERTIFICATE OF SERVICE**

      I do hereby certify that I have filed the above and foregoing using the Court's CM/ECF system which will send notice to:

cstewart@bradley.com
macouch@bradley.com
Counsel for Defendant Foley Clinic Corporation

      On this the 5th day of July, 2017.

                                              s/ Richard W. Fuquay
                                              Richard W. Fuquay